UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GWENN ANNE S.,[1]

                                  Plaintiff,                1:20-cv-1168 (BKS/DEP)

v.

KILOLO KIJAKAZI, in her Official Capacity as Acting
Commissioner of the Social Security Administration,

                                  Defendant.
_____

**Appearances:**

*For Plaintiff:*
Rose Landau
Legal Aid Society of Northeastern NY
40 New Street
Saratoga Springs, NY 12866

*For Defendant:*
Carla B. Freedman
United States Attorney
Ronald W. Makawa
Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

       Plaintiff Gwenn Anne S. filed this action under 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

applications for Social Security Disability Insurance ("SSDI") and Supplemental Social Security Income ("SSI") benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge David E. Peebles for a Report and Recommendation. (Dkt. No. 22); N.D.N.Y. L.R. 72.3(d). On February 3, 2022, after reviewing the parties' briefs, (Dkt. Nos. 16, 21), the Administrative Record,[2] and holding oral argument, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Commissioner's decision be affirmed and Plaintiff's complaint be dismissed. (Dkt. No. 23). Plaintiff has filed objections to the Report and Recommendation. (Dkt. No. 24). Defendant did not respond to Plaintiff's objections. For the following reasons, the Court adopts the Report and Recommendation in its entirety.

## II.   STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 13), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (internal quotation marks omitted).

### III. ANALYSIS

The parties have not raised any objections to the facts or the legal framework set forth in the Report and Recommendation. (*See* Dkt. No. 23, at 2–12). The Court therefore adopts Magistrate Judge Peebles's summary of the factual background and applicable law and presumes familiarity with those matters for the purposes of this decision. Plaintiff raises an objection to Magistrate Judge Peebles's recommendations as to each of the five arguments she raised in her initial brief. (*See generally* Dkt. No. 24).

#### A.   Review for Clear Error

As an initial matter, the Court finds that four of Plaintiff's objections do not warrant *de novo* review. First, Plaintiff objects to the portion of the Report and Recommendation finding that substantial evidence supports the ALJ's step two determination that Plaintiff's wrist and knee impairments are not medically determinable. (Dkt. No. 24, at 1–3). However, Plaintiff's objection is largely a reiteration of the arguments she made in her brief. (*Compare id.*, *with* Dkt. No. 16, at 19–20.) "[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." *Petersen*, 2 F. Supp. 3d at 228–29; *see also Brown v. Peters*, No. 95-cv-1641, 1997 WL 599355, at *2, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y. Sept. 22, 1997) ("When the parties make only frivolous, conclusive, or general objections, the court reviews the report-recommendation for clear error.") (collecting cases). Plaintiff "simply reiterate[s] [her] arguments, presented in [her] papers submitted to Magistrate Judge Peebles, as to why" the ALJ's step two determination was not supported by substantial evidence. *Whipple v. Astrue*, No.

3

08-cv-1356, 2011 WL 1299337, at *3, 2011 U.S. Dist. LEXIS 34384, at *11 (N.D.N.Y. Mar. 31, 2011), *aff'd*, 479 F. App'x 367 (2d Cir. 2012). The only specific aspect of the Report and Recommendation with which Plaintiff takes issue is Magistrate Judge Peebles's conclusion that the objective medical evidence showed "only a single observation of crepitus, and sparse notations of pain and/or tenderness" and was therefore insufficient to establish Plaintiff's knee symptoms as a medically determinable impairment. (Dkt. No. 24, at 2 (citing Dkt. No. 23, at 18)). However, Plaintiff makes no objection to, and identifies no error in, Magistrate Judge Peebles's discussion of the lack of objective evidence "substantiating that [P]laintiff has knee arthritis." (Dkt. No. 23, at 18). Thus, the Court declines to review this portion of the Report and Recommendation *de novo* given the lack of specific objections. *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 514 (S.D.N.Y. 1997); *see Perez v. New York City Dep't of Corr.*, No. 10-cv-2697, 2012 WL 3704744, at *1, 2012 U.S. Dist. LEXIS 121440, at *2–3 (E.D.N.Y. Aug. 27, 2012). The Court has reviewed this portion of Magistrate Judge Peebles' Report and Recommendation for clear error and finds none. The Court further notes that Plaintiff does not object to, and the Court finds no clear error in, Magistrate Judge Peebles's conclusion that even if the ALJ "should have found" Plaintiff's wrist and knee impairments "to be medically determinable," any error was harmless because the evidence did not show limitations "beyond those that are already accounted for by the ALJ's [residual functional capacity ("RFC")]." (Dkt. No. 23, at 19–20). Accordingly, the Court adopts Magistrate Judge Peebles's Report and Recommendation regarding the ALJ's step two wrist and knee determination.

    Second, Plaintiff objects to the portion of the Report and Recommendation finding that substantial evidence supports the ALJ's step two determination that Plaintiff's anxiety disorder was not a severe impairment. (Dkt. No. 24, at 3–4). However, Plaintiff does not specify the

4

particular basis for her objection to Magistrate Judge Peebles's analysis; rather, she raises new arguments about the ALJ's rationale. (*Compare id.* (objecting that the ALJ improperly relied on Plaintiff's reported activities of daily living), *with* Dkt. No. 16, at 20–22 (failing to mention activities of daily living)). In her initial brief, Plaintiff argued that the ALJ erred in determining that Plaintiff's anxiety was not a severe impairment because the ALJ noted that Plaintiff's providers "did not prescribe medication or recommend therapy" but "failed to ask whether [Plaintiff] had a reason not to seek treatment" for anxiety. (Dkt. No. 16, at 20–22). The Report and Recommendation addressed this argument, concluding that there was "no basis for the ALJ to consider why [P]laintiff failed to seek treatment" because the providers did not prescribe medication or recommend therapy even when Plaintiff did report anxiety and because there was not "any evidence in the record" to support the argument that Plaintiff's physical condition prevented her from seeking treatment. (Dkt. No. 23, at 22–23). In her objections, Plaintiff now argues that, in finding Plaintiff's anxiety was not severe, the ALJ improperly relied on Plaintiff's reported activities of daily living and improperly rejected treating Physician Assistant Raju Sadal's opinion because it was based on Plaintiff's subjective reports but does not identify any error in Magistrate Judge Peebles's analysis. (Dkt. No. 24, at 3–4). The Court will not consider new arguments "raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Fox v. Lee*, No. 15-cv-390, 2019 WL 1323845, at *1, 2019 U.S. Dist. LEXIS 48967, at *4–5 (N.D.N.Y. Mar. 25, 2019) (citation omitted). The Court therefore finds that Plaintiff has not raised a specific objection and will review this portion of the Report and Recommendation for clear error.

   Third, Plaintiff objects to the portion of the Report and Recommendation finding that substantial evidence supported the ALJ's finding that the opinion of PA Sadal was not

5

persuasive. (Dkt. No. 24, at 4–5). Again, Plaintiff does not identify a basis for her objection *to the Report and Recommendation* or specify in what way she believes Magistrate Judge Peebles's analysis is faulty. (*See id.*). Plaintiff instead argues, as she did in her initial brief, that the ALJ "ignore[d]" evidence supporting PA Sadal's opinion, citing the same record evidence as in her initial brief, (*compare id.* (arguing that "the ALJ provides no reason for ignoring these objective findings and test results"), *with* Dkt. No. 16, at 22–24 (arguing that the ALJ erred by "ignoring the substantial evidence" supporting PA Sadal's opinion)), and seems to seek a reweighing of the record evidence, a request Magistrate Judge Peebles specifically rejected as "inappropriate and contrary to clearly established law." (Dkt. No. 23, at 25). To the extent Plaintiff's objections assert a new argument—that the ALJ engaged in impermissible "cherry picking" of evidence to support her weighing of PA Sadal's opinion while rejecting contrary evidence without explanation, (Dkt. No. 24, at 5)—the Court declines to consider this argument as it could have been raised in Plaintiff's initial brief but was not. *Fox*, 2019 WL 1323845, at *1, 2019 U.S. Dist. LEXIS 48967, at *4–5. Thus, the Court declines to review this portion of the Report and Recommendation *de novo*.

      Finally, the Court will review for clear error Plaintiff's objection to the portion of the Report and Recommendation rejecting Plaintiff's arguments that the ALJ should have performed a "function-by-function assessment" of her limitations—specifically, of her ability to sit. (Dkt. No. 24, at 5–6). Plaintiff's objection is simply a rehashing of the argument presented in her initial brief, (*compare id.*, *with* Dkt. No. 16, at 24–25), and the Court therefore declines to subject this portion of the Report and Recommendation to *de novo* review. *Petersen*, 2 F. Supp. 3d at 228–29.

After reviewing the Report and Recommendation for clear error and having found none, the Court agrees with Magistrate Judge Peebles's thorough analysis and adopts these four portions of the Report and Recommendation.

### B. *De Novo* Review

Plaintiff objects to the Report and Recommendation's finding that Plaintiff had "not met her burden to show that the ALJ was required to include any limitation related to a need for absences in the RFC, much less a limitation for more than two absences per month." (Dkt. No. 24, at 6–7 (quoting Dkt. No. 23, at 32)). In her initial brief, Plaintiff argued that the ALJ "failed to include the number of absences [Plaintiff] would incur if employed into the RFC," pointing to record evidence where Plaintiff was hospitalized or sick due to exacerbations of her chronic obstructive pulmonary disease ("COPD") and therefore "would have been absent from work." (Dkt. No. 16, at 25–26). Plaintiff argued that the failure to include any limitation related to a need for absences was harmful because the vocational expert testified that employers "would only tolerate employees being absent for up to two eight-hour shifts per month." (*Id.* at 26). Magistrate Judge Peebles found that the "evidence related to the frequency of the relevant hospitalizations" was "unpersuasive." (Dkt. No. 23, at 31). After reciting the dates and lengths of Plaintiff's hospitalizations, Magistrate Judge Peebles noted that the "record shows that these exacerbations occurred typically not even once per year." (*Id.* at 31–32). Magistrate Judge Peebles therefore concluded that these infrequent hospitalizations did not "impact" Plaintiff's functional abilities "on a typical, continuing basis." (*Id.* at 32).

Plaintiff argues that Magistrate Judge Peebles's recommended finding in this regard should be rejected because Magistrate Judge Peebles did "not account for the context in which these hospitalizations occurred." (Dkt. No. 24, at 6). Magistrate Judge Peebles expressly noted hospitalizations in October 2010, April 2012, October 2015, and April 2016 and noted that the

admissions "lasted anywhere from a few hours to a few days." (Dkt. No. 23, at 31). Plaintiff argues that Plaintiff was homeless in October 2010 and went "from one place to the other with her friends," and that her housing situation "had stabilized somewhat" by March 2018. (Dkt. No. 24, at 6 (citing R. 269, 272, 312)). Plaintiff argues that her hospitalizations occurred "when she did not have the option to stay at home and avoid community acquired infections" which might exacerbate her COPD. (*Id.* at 6–7). When Plaintiff "did have a home" where she could avoid infections and irritants and rest, she "avoided hospitalizations." (*Id.* at 7).[3]

Reviewing Plaintiff's objection *de novo*, the Court finds Plaintiff has not met her burden of demonstrating that the ALJ should have adopted a more restrictive RFC as it relates to a need for absences. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order) (noting that the plaintiff "had a duty to prove a more restrictive RFC, and failed to do so"). As summarized by Magistrate Judge Peebles, (*see* Dkt. No. 23, at 31–32), Plaintiff underwent hospitalizations or otherwise spent time recovering from pneumonia and exacerbations of COPD in October 2010 (R. 264 (presenting to emergency department with shortness of breath)), April 2012 (R. 377), October 2013 (R. 284 (presenting with upper respiratory infection which began "two weeks ago")), February 2014 (R. 289 (noting acute exacerbation of COPD)), and April 2016 (R. 356). These infrequent illnesses and exacerbations do not necessarily mean that Plaintiff would be absent from work more than two days per month. Further, PA Sadal noted in September 2018 that Plaintiff's COPD was "[w]ell controlled" and that Plaintiff was "compliant with her COPD medications." (R. 398). Plaintiff's argument that she would be absent from work more than two days a month is therefore "speculative." *Cf. Paula L. v. Comm'r of Soc. Sec.*, No.

---

[3] Plaintiff argues that, if she were forced to work, she would no longer be able to avoid irritants and infections and would experience additional COPD exacerbations and absences from work. (*Id.*). However, Plaintiff did not present a similar argument in her initial brief, (*see* Dkt. No. 16, at 25–26), and the Court therefore declines to address the argument here.

8

20-cv-1224, 2021 WL 3549438, at *8, 2021 U.S. Dist. LEXIS 151219, at *20–22 (W.D.N.Y. Aug. 11, 2021) (rejecting the plaintiff's argument that the ALJ erred "by failing to make any findings with respect to potential absenteeism or off-task time" where the plaintiff's "argument that she would be unable to work due to her alleged panic attacks is speculative" and noting that the case was "in stark contrast to an individual who may require extensive medication treatments for several hours a day").[4]

Accordingly, the Court agrees with the Report and Recommendation that the ALJ's RFC formulation was supported by substantial evidence.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 23) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: March 18, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[4] The Court notes that PA Sadal opined that Plaintiff's impairments were *not* likely to produce "good days" and "bad days" and accordingly offered no opinion on how many days per month Plaintiff was likely to be absent from work as a result of those impairments. (R. 369). See *Hawkins v. Comm'r of Soc. Sec.*, No. 18-cv-554, 2019 WL 4183908, at *4, 2019 U.S. Dist. LEXIS 150413, at *8 (W.D.N.Y. Sept. 4, 2019) ("Where the record contains sufficient evidence from which an ALJ can assess Plaintiff's RFC, a medical source statement or formal medical opinion is not necessarily required." (citations omitted)); *Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 392 (W.D.N.Y. 2019) (noting that "where the record reflects only minor impairments, the ALJ may . . . assess an RFC in the absence of opinion evidence").